■ BRIAN BAILEY et al., Respondents, v WILLIAM MORGAN, Appellant.— Appeal from an order of the Supreme Court at Special Term, entered December 2, 1977 in Washington County, which denied defendant's motion for summary judgment dismissing the complaint. This action was commenced to compel specific performance of an alleged contract of sale of real property, situate on the east side of Lake George, in the County of Washington, or, in the alternative, for money damages. On September 15, 1971, the Y. M. C. A. of Rye, New York, entered into an agreement for the sale of premises known as the "Camp Mohican" property on the east side of Lake George in the County of Washington, consisting of about 525 acres with 3,000 feet of lakefront for the sum of $250,000. This agreement was conditioned upon the execution of a formal contract on or before October 15, 1971. The consideration for this agreement was $10,000, leaving a balance of $240,000 to be paid upon closing of title. On September 25, 1971, defendant and plaintiffs prepared and entered into a handwritten agreement which provided as follows: "I, William J. Morgan, agree to sell to Brian & Stewart Bailey 1060 lake front feet (approx) as it winds & turns on shore of Lake George, Starting one cottage South East of chapel (running south) on what is known as Camp Mohican property, located on East side of Lake George in Town of Putnam. Depth of property to be equal (approx) to frontage owned by myself & Joseph Fleming, or determined to mutual stipulation later on. Purchase to be completed by Dec. 15th 1971. Price to be $50,000, each. In addition to the lake frontage each of the above mentioned will own ⅕ of the remaining lake property of about 500 total acres. A Binder of $2000.00 each is paid today." On October 18, 1971, the Y. M. C. A. of Rye, New York, and

defendant entered into a formal agreement for the sale of said lands, providing for a closing of title on or before December 15, 1971, at a time and place agreeable to the parties. On or about October 30, 1971, plaintiffs and their attorney and secretary met with defendant and Joseph Fleming at the law office of Gordon Garlick. The secretary took notes of the discussions in longhand, and later typed them. None of the parties signed these minutes and, although the attorney was to draw an agreement with regard to restrictions and rights of way to be signed by the "partners", it was never prepared. According to these unsigned minutes, it was agreed that the land was to be purchased by defendant from the Y. M. C. A. "and turned over to his partners". On November 30, 1971, the Y. M. C. A. and defendant entered into an agreement amending their October 18, 1971 agreement which provides that in consideration of an extension of time to close the title to January 15, 1972, the premises would be conveyed subject to certain enumerated restrictions. Title did not close pursuant to this agreement, and this action was commenced on or about February 8, 1972. An amended answer was served on or about July 16, 1975, alleging that the alleged contract between plaintiffs and defendant was void pursuant to section 5-703 of the General Obligations Law. Defendant then brought this motion for summary judgment dismissing the complaint on the ground that the memorandum of agreement dated September 25, 1971 was insufficient under the Statute of Frauds. The moving affidavit by defendant asserts that this writing fails to describe the properties to be conveyed with any reasonable certainty, and that no terms were therein agreed to with relation to a possible future conveyance which is established by the necessity of a meeting on October 30, 1971. It is further asserted that the May 6, 1974 examination before trial of plaintiffs demonstrates that the parties were still involved in precontract negotiations on October 30, 1971. Defendant also states that he was unable to perform in accordance with the terms of his contract with the Y. M. C. A., and that the Y. M. C. A. had subsequently conveyed the property to an unrelated third party. The answering affidavit by plaintiffs' attorney asserts that there are numerous issues of fact to be tried; that the agreement dated September 25, 1971 is sufficient to satisfy the requirements of section 5-703 of the General Obligations Law, particularly when read in conjunction with the agreement between defendant and the Y. M. C. A. dated September 15, 1971, and the minutes of the October 30, 1971 meeting; and that parol evidence is admissible to show the intent of the parties in view of the ambiguity of the September 15, 1971 writing. It further asserted that, although the Y. M. C. A. subsequently conveyed the premises to one Robert D. Street, defendant, in actuality, is a *de facto* owner of the premises, and that such conveyance constituted a fraud against the plaintiffs. It is, therefore, asserted that the Statute of Frauds does not constitute a defense to the action. Special Term determined that the September 25, 1971 agreement was not necessarily insufficient under the Statute of Frauds in that parol evidence, or evidence of extrinsic facts could be used to resolve any doubt or uncertainty with respect to the realty to be conveyed, and that the opposing affidavits disclosed contested issues of fact bearing upon material issues which precluded the granting of summary judgment *(Cordua v Guggenheim,* 274 NY 51; *Malin v Ward,* 21 AD2d 926). In *Crabtree v Elizabeth Arden Sales Corp.* (305 NY 48), it was held that the memorandum required by the Statute of Frauds may be pieced together out of separate writings, some signed and some unsigned, provided they all refer to the same transaction, and oral testimony concerning the circumstances surrounding the making of the memorandum is admissible to show the

connection between the separate writings and to establish the acquiescence of the parties to be charged as to the contents of the unsigned one, as long as one establishing a contractual relationship bears the signature of the party to be charged. Special Term, therefore, properly determined that the agreement was not necessarily insufficient under the Statute of Frauds, and that the contested issues of fact disclosed by the opposing affidavits precluded the granting of summary judgment *(Malin v Ward,* 16 AD2d 850). Order affirmed, without costs. Mahoney, P. J., Greenblott, Sweeney, Staley, Jr., and Larkin, JJ., concur.