■ BRIAN BAILEY et al., Respondents, v WILLIAM MORGAN, Appellant. — Appeal from an interlocutory judgment of the Supreme Court in favor of plaintiffs, entered May 19, 1980 in Washington County, upon a decision of the court at a Trial Term, without a jury. This action seeks specific performance of an alleged contract for the sale of real property, or, in the alternative, damages for the breach thereof. The underlying facts and circumstances were set forth in a prior decision of this court in affirming the denial of a motion by defendant for summary judgment (65 AD2d 885). At the ensuing trial on the issue of liability, sharp issues of fact were developed and resolved in favor of the plaintiffs. Notwithstanding defendant's arguments, plaintiffs pursued and established a cause of action for money damages for breach of contract, the remedy of specific performance being unavailable owing to defendant's conveyance of the lands to subsequent good faith purchasers for value (cf. *Saperstein v Mechanics & Farmers Sav. Bank of Albany,* 228 NY 257). There is no merit in the contentions advanced by defendant that, by amending their complaint to include a cause of action based upon a joint venture, plaintiffs somehow abandoned their original cause of action or that the trial court failed to comply with the provisions of CPLR 4213 (subd [b]). All of the essential facts were related by the trial court in its decision, and applicable legal authorities were cited in support of its ultimate conclusion that a contract existed between the parties which had been breached by defendant. Defendant was given every opportunity to submit proposed findings of fact, and the choice of a theory of the case upon which to submit findings is a responsibility of the parties, not the court. Lastly, we reject defendant's claim of bias or prejudice on the part of the trial court. The record simply does not support such a claim. Comment made by the court based on the directly contradictory testimony of two important witnesses, one an attorney and the other the attorney's former stockbroker who held titles to the property as an accommodation to the defendant, was completely understandable. Moreover, there is no indication whatever that the result obtained was founded upon anything other than relevant and probative evidence contained in the record (see *Matter of Katz v Denzer,* 70 AD2d 548). Judgment affirmed, with costs. Mahoney, P.J., Sweeney, Kane, Mikoll and Weiss, JJ., concur.