■ BRIAN BAILEY et al., Respondents, v WILLIAM MORGAN, Appellant. — Appeal from a judgment of the Supreme Court in favor of plaintiffs, entered March 15, 1982 in Washington County, upon a decision of the court at Trial Term (Dier, J.), without a jury. This court has previously affirmed Trial Term's judgment in this case, finding defendant liable to plaintiffs for breach of a contract for the sale of real property on Lake George (*Bailey v Morgan,* 80 AD2d 972). On a trial on the issue of damages, Trial Term found the proper measure of damages to be "the difference between the contract price and the value of the realty at the time of breach, together with reasonable legal and

other expenses necessarily incurred in reliance upon such contract, and interest from the time of breach". The court found plaintiffs' damages to be $98,280 which includes: a $4,000 down payment, $19,280 for a two-fifths interest in the backland tract, held to be $48,190 total value, and a value of $175,000 for the lake parcel, reduced by the contract price of $100,000; judgment was rendered for plaintiffs for the above damages plus $63,518 in interest and $322 in costs and disbursements. We concur with the court's test for the measure of damages (see *Colonial Diversified v Assured Holding Corp.*, 71 AD2d 1011). Defendant urges, however, that plaintiffs failed in their burden of proof of showing the market value of the lake and backland tracts. The trial court held that the market value of the 1,060 feet of lakefront footage which plaintiffs were to purchase was $175,000 at the time of breach. The court found that five lots, each worth $35,000, could be sold therefrom. The evidence does not support the idea that plaintiffs intended to buy five lots of 200 feet each. To the contrary, the evidence indicates that plaintiffs were buying the land to build personal homes thereon. Under such circumstances, the trial court should have based the market value of the lakefront acreage according to its market value in a lump-sum sale, with an increment for its potential subdivision value (see *Witherbee v Meyer,* 155 NY 446, 449-450). Plaintiffs failed to introduce any evidence of the value of a lump-sum sale of the lakefront acreage and also any evidence on what a proper increment for the potential of subdividing the lakefront acreage would be. Absent such a showing, the court erred in awarding plaintiffs damages (see *Sloan v Baird,* 162 NY 327). Defendant contends that Trial Term erred, as well, in the value it ascribed to the backland property. The evidence discloses that the parties were to establish a corporation to own it, each corporate member holding proportional shares therein. The land was to remain undeveloped so as to further enhance the lakefront property. The only evidence introduced as to its value was from plaintiffs' expert who assumed it would remain undeveloped and that its market value was $100 an acre for 481.9 acres or $48,190. Plaintiffs' two-fifths interest was placed at $19,280 by the court which accepted the expert's appraisal. No comparable sales evidence was introduced by the expert, nor was any evidence adduced to demonstrate a downward adjustment by him to reflect the parties' nonmarketability expectations. Plaintiffs thus failed to sustain their burden of proof of showing the market value of the backland or its value to plaintiffs. An award of damages was thus erroneously granted for plaintiffs' loss of a bargain (see *Sloan v Baird,* 162 NY 327, *supra*). We find then that plaintiffs are entitled only to the return of their $4,000 down payment, plus interest, and their claim of further damages fails due to failure of proof. Judgment modified, on the law and the facts, by reversing so much thereof as awarded plaintiffs damages based on the difference between the contract price and the market value of the backland and lakefront acreage and, as so modified, affirmed; matter remitted to Trial Term for an interest calculation on the $4,000 award for return of plaintiffs' down payment. Sweeney, J. P., Kane, Casey, Mikoll and Yesawich, Jr., JJ., concur.