■ BSL DEVELOPMENT CORP., Appellant, v BROAD COVE, INC., et al., Respondents. (Action No. 1.) BSL DEVELOPMENT CORP., Appellant, v BROAD COVE, INC., et al., Respondents. (Action No. 2.)—In (1) consolidated actions, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Suffolk County (Snellenburg, J.), entered June 27, 1985, as, upon denying its motion for judgment as a matter of law on the first cause of action, and its motion to set aside the jury verdict on the first cause of action, is in favor of the defendants and against it on that cause of action, and in (2) an action on a mortgage note, the plaintiff appeals from a judgment of the same court (McInerney, J.), entered September 3, 1985, which, upon denying its motion for summary judgment and granting the defendants' cross motion for summary judgment, is in favor of the defendants and against it. (We treat the plaintiff's notices of appeal from orders dated Feb. 15, 1985, and May 8, 1985, respectively, as premature notices of appeal from the judgments).

Ordered that the judgment entered June 27, 1985, is reversed insofar as appealed from, on the law, the plaintiff's motion for judgment as a matter of law on the first cause of action is granted, and a new trial is granted on the issue of damages with respect to that cause of action; and it is further,

Ordered that the judgment entered September 3, 1985, is reversed, on the law, the plaintiff's motion for summary judgment is granted, the defendants' cross motion for summary judgment is denied, and the matter is remitted to the Supreme Court, Suffolk County, for entry of an appropriate judgment; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The defendant, Broad Cove, Inc., is a corporation which owns a duck farm in Aquebogue, New York. Box Tree Corporation is the principal shareholder of Broad Cove, owning 70% of its outstanding shares of stock, and Norman Felske is the sole shareholder of Box Tree Corporation. By an agreement entered into on March 25, 1981, the defendants agreed to sell the property in question to the plaintiff, who sought to construct a 500-unit condominium development thereon. On the same day the parties entered into a loan agreement whereby the plaintiff, *inter alia,* agreed to loan to the defendants at or before the closing various sums not to exceed nearly $450,000 in order to enable them to pay off certain specified corporate debts. As security for these loans the defendants, *inter alia,* were to deliver to the plaintiff at the time of the funding of the agreement, the shares of stock in Broad Cove owned by Box Tree and evidence that the remaining outstanding stock in Broad Cove had been retired. These contracts were joined by a linkage agreement which provided that a breach or default of one of the contracts would constitute a breach or default of the other. On May 11, 1981, the plaintiff began to fund the loan agreement by giving the defendants $20,000. This amount was used to forestall a foreclosure proceeding by one of Broad Cove's creditors. On that date Felske signed a mortgage note and a mortgage on behalf of Broad Cove, and also signed a guarantee on his own behalf and on behalf of Box Tree. The closing on the loan agreement was scheduled for June 2, 1981, and although all the principals gathered with their attorneys on that date, the closing did not take place.

In 1982 the plaintiff commenced two actions, later consolidated, against the defendants, *inter alia,* to recover damages for breach of the sale-purchase agreement by virtue of the defendants' alleged breach of the loan agreement. The defendants counterclaimed for damages sustained as a result of the plaintiff's alleged breach of those agreements. A trial was held, at the conclusion of which the jury found, in the form of answers to written interrogatories, that the defendants did not wrongfully refuse to perform the terms of the loan agreement on June 2, 1981, and that the plaintiff did wrongfully refuse to perform the terms of the loan agreement on that date. However, the jury also found that the defendants did not suffer any damages as a result of the plaintiff's breach. By order dated February 15, 1985, the trial court denied the plaintiff's motion for judgment as a matter of law and to set aside the

jury's verdict as against the weight of the evidence on the first cause of action to recover damages for breach of contract, and judgment was entered in favor of the defendants.

The plaintiff subsequently commenced an action to recover the $20,000 paid under the mortgage note, plus interest and attorney's fees, by way of a motion for summary judgment in lieu of a complaint. The mortgage provided that upon a breach of the loan agreement the principal sum secured by the mortgage would become due and payable. The defendants cross-moved for summary judgment, relying on the doctrine of collateral estoppel. The court denied the plaintiff's motion and granted the defendants' cross motion for summary judgment on the basis that the material issue in this case had already been decided against the plaintiff. Judgment was entered in favor of the defendants, and these appeals ensued.

The evidence adduced at trial in the action based upon breach of the sales-purchase and loan agreements established that the loan agreement did not close on June 2, 1981, because the plaintiff did not offer Felske the amount of money Felske requested. However, there was no testimony to support the conclusion that the plaintiff did not tender the amounts it was required to advance to the defendants under the loan agreement. Indeed the trial court found, as a matter of law, that the plaintiff had sufficient capital at the closing to meet its obligations under the loan agreement. The uncontroverted testimony of Felske established that Felske rejected the plaintiff's tender of performance and refused to tender his own performance by turning over Broad Cove's stock because the money offered by the plaintiff was insufficient to cover certain debts the defendants owed in addition to those provided for in the loan agreement. Felske conceded that he requested moneys from the plaintiff in addition to the sums agreed to be paid by the terms of the loan agreement. These concessions establish the defendants' breach of the loan agreement as a matter of law. Further, on the basis of the evidence presented at trial, there is no valid line of reasoning based on permissible inferences which could possibly lead rational persons to the conclusion reached by the jury, that is, that the plaintiff wrongfully refused to perform the terms of the loan agreement and the defendants did not (see, Nicastro v Park, 113 AD2d 129). Accordingly, the judgment in favor of the defendants and against the plaintiff on the breach of contract cause of action is reversed, the plaintiff is granted judgment as a matter of law on the issue of liability, and the matter is

remitted for a new trial on the issue of damages with respect to that cause of action.

In light of this court's determination, the judgment in favor of the defendants in the action on the note and mortgage also cannot stand. Although the court properly concluded that the doctrine of collateral estoppel, or issue preclusion, was applicable (see, Ryan v New York Tel. Co., 62 NY2d 494; Kret v Brookdale Hosp. Med. Center, 93 AD2d 449, affd 61 NY2d 861), implementation of that doctrine now would support the plaintiff's motion for summary judgment. The defendants breached the loan agreement, as a matter of law, and, by the terms of the mortgage, the $20,000 loaned became due and payable. Judgment shall be entered accordingly. Brown, J. P., Weinstein, Rubin and Spatt, JJ., concur.