■ VINCENT LOTITO et al, Respondents, v MARIO A. MAZZEO, Appellant.—In an action to recover damages for breach of contract, the defendant appeals from a judgment of the Supreme Court, Nassau County (Spatt, J., at judgment; Samenga, J., at decision), entered January 27, 1986, which, after a nonjury trial, is in favor of the plaintiffs and against him in the principal sum of $15,015.09.

Ordered that the judgment is modified, on the law, by reducing the damages awarded to the principal sum of $877.89; as so modified, the judgment is affirmed, with costs to the defendant, and the matter is remitted to the Supreme Court, Nassau County, for the entry of an appropriate amended judgment.

The evidence clearly established that the defendant breached the contract for the sale of his property to the

plaintiffs. Moreover, the plaintiffs' acceptance of a check from the defendant which represented a refund of their down payment did not constitute an accord and satisfaction. The check was nothing more than a return of the buyers' own property which the seller had no right to retain after his breach (see, Merrill Lynch Realty/Carll Burr v Skinner, 63 NY2d 590, rearg denied 64 NY2d 885).

However, the court improperly awarded the plaintiffs $14,137.20 for the difference between (a) their monthly mortgage payments over the term of their present mortgage at the rate at which they obtained the mortgage, and (b) the amount of these payments over the same period calculated at the prevailing rate at the time of the scheduled closing on the defendant's property.

In an action to recover damages for the breach of a contract for the purchase of real property, the measure of damages is the difference between the contract price and the market value at the time of the breach, together with reasonable attorney's fees and other expenses necessarily incurred in reliance upon the contract, with interest from the date of the breach (see, Colonial Diversified v Assured Holding Corp., 71 AD2d 1011; Bailey v Morgan, 95 AD2d 883, affd 62 NY2d 844). In contrast, in an action for specific performance, the court has broad discretion in fashioning an appropriate remedy and, thus, the court may award the purchaser damages representing an increase in mortgage rates resulting from the seller's delay in conveying title (see, Bregman v Meehan, 125 Misc 2d 332; see generally, 55 NY Jur 2d, Equity, § 98).

Here, as the plaintiff neither sought nor obtained specific performance of the contract, the court improperly fashioned an equitable remedy. Instead, the plaintiffs were limited to the measure of damages which may be obtained in an action at law, as set out above. Here, such damages were established in the sum of $877.89 which represented the costs of the termite inspection, title search and attorney's fees. Thus, the plaintiffs are entitled to this sum, with interest from the date of the breach. We have remitted the matter to the Supreme Court, Nassau County, for the entry of an appropriate amended judgment in accordance herewith. Lawrence, J. P., Eiber, Sullivan and Harwood, JJ., concur.