■ CENTURY 21 CONSTRUCTION CORP., Doing Business as A.G.M. CONTRACTING, Respondent, v THOMAS G. RABOLT et al., Appellants.—In an action pursuant to Debtor and Creditor Law article 10, *inter alia,* to set aside a conveyance as fraudulent against the plaintiff creditor, the defendants appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Suffolk County (Baisley, J.), entered November 24, 1987, as, upon an order granting the plaintiff's motion for summary judgment, set aside the conveyance.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

On June 11, 1985, the plaintiff commenced a negligence action against the defendant Thomas Rabolt. On June 14, 1985, while the action was pending, Rabolt and his wife, the codefendant Karen Rabolt, as tenants by the entirety, conveyed title to their home to Karen Rabolt. Having obtained a judgment against Thomas Rabolt for $110,862.59 the plaintiff commenced the instant action against both Rabolts to set aside the conveyance to Karen Rabolt. The plaintiff moved for summary judgment and, in its moving papers, produced a copy of the deed for the conveyance which contained the marginal notation "no consideration—family transaction" and upon which no real estate transfer tax had been paid. Against this evidence, the defendants submitted their affidavits that the consideration was in fact the forgiveness of an antecedent debt

due by Thomas Rabolt to Karen Rabolt's father and brother. This claim was supported by an affidavit of Robert Wright, Karen's father, who swore that he and his son, Griffin, had advanced $59,891.93 to Thomas Rabolt for use in his business. He swore these loans took the form of cash which had to be withdrawn and delivered. He annexed copies of various checks and money orders, drawn on the corporate account of Manhattan Roofing, Inc., in which he and his son have a 50% interest. Only two of the checks, totaling $8,000, had a notation that the funds were for the benefit of Thomas Rabolt or his business. No other evidence was offered to support the claim.

While an antecedent debt may provide fair consideration for a conveyance of property (Debtor and Creditor Law § 272 [a]) the evidence here is not sufficient to establish the existence of an antecedent debt. In order to defeat the plaintiff's motion the defendants were obligated to lay bare their proof and disclose evidentiary facts sufficient to raise triable issues of fact *(see, Century Center v Davis,* 100 AD2d 564).

We also find the defendants' contention that the court erred in granting the plaintiff a remedy as against the entire interest of Thomas Rabolt, without first holding a hearing to determine the value of that interest, to be without merit. It is undisputed that the plaintiff's judgment is still unsatisfied. The relief to which a defrauded creditor is entitled is limited to that which could have been obtained had there been no conveyance. At bar, the debt due is clearly in excess of the value of the husband's interest and the debtor has failed to come forward with any evidence of solvency, sufficient to satisfy the judgment other than by granting the plaintiff its remedy against Thomas Rabolt's interest in the property *(see, Marine Midland Bank v Murkoff,* 120 AD2d 122). Mollen, P. J., Kunzeman, Rubin and Eiber, JJ., concur.