■ JOAN KLINE, Respondent, v PAUL APOSTOLAKOS, Appellant.—In an action for specific performance of a contract for the sale of real property, the defendant appeals from an order of the Supreme Court, Suffolk County (Brown, J.), dated October 27, 1989, which denied his motion for summary judgment dismissing the complaint and awarding judgment on his counterclaims.

Ordered that the order is affirmed, with costs.

Contrary to the defendant's contention, the record fails to demonstrate that the plaintiff requested the return of her down payment in settlement of her claim for specific performance of the parties' contract. Moreover, neither the check representing the return of the down payment, nor the letter which accompanied it, expressly stated that the check was offered in settlement of the litigation arising out of the defendant's refusal to deliver the deed to the subject premises. In the absence of a clear intent to alter or modify the original contract terms or settle the dispute concerning them, the plaintiff's acceptance of the check did not operate as an accord and satisfaction *(see, Merrill Lynch Realty/Carll Burr, Inc. v Skinner,* 63 NY2d 590). Regardless of whether or not the defendant's refusal to perform the contract was justified, the check was nothing more than a return of the plaintiff's own property, which the defendant had no right to retain after his refusal to convey title *(see, Merrill Lynch Realty/Carll Burr, Inc. v Skinner, supra; Rifelli v Fireside Homes Corp.,* 152 AD2d 629, 630; *Lotito v Mazzeo,* 132 AD2d 650). Accordingly, the defendant's motion for summary judgment was properly denied. Kunzeman, J. P., Harwood, Eiber and Balletta, JJ., concur.