SECOND DEPARTMENT, DECEMBER, 1991

(December 2, 1991)

■ BSL DEVELOPMENT CORP., Respondent, v BROAD COVE, INC., et al., Appellants.—In an action to recover damages for breach of a contract for the sale of real property, the defendants appeal from a judgment of the Supreme Court, Suffolk County (Lama, J.), entered October 17, 1989, which, after a nonjury trial on the issue of damages, awarded the plaintiff $982,363.84, which includes interest, attorneys' fees of $89,327.50, and disbursements.

Ordered that the judgment is modified, on the law and the facts, by reducing the amount of attorneys' fees awarded the

plaintiff from $89,327.50 to $64,327.50; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for entry of an appropriate amended judgment.

The defendant Broad Cove, Inc., owns 105 acres of waterfront property in Aquebogue, New York. The defendant Box Tree Corporation is the principal shareholder of Broad Cove, Inc., and the defendant Norman Felske is the sole shareholder of Box Tree Corporation. On March 25, 1981, the defendants agreed to sell the Aquebogue property to the plaintiff for the sum of $2,500,000. Although closing on the contract of sale and a related loan agreement was scheduled for June 2, 1981, the closing did not take place because Felske refused to turn over the stock of Broad Cove, Inc., unless the plaintiff provided him with additional money to cover certain debts. In February 1987 this court concluded that the defendants had breached the subject agreements as a matter of law, and remitted the matter to the Supreme Court, Suffolk County, for a trial on the issue of damages *(BSL Dev. Corp. v Broad Cove,* 127 AD2d 722). Following a nonjury trial, the Supreme Court determined that the actual value of the subject parcel as of June 2, 1981, the scheduled closing date, was $3,000,000, and awarded the plaintiff damages in the principal sum of $500,000, which represented the difference between the contract price and the market value of the Aquebogue property at the time of the breach. The court also awarded the plaintiff attorneys' fees in the sum of $89,327.50.

On appeal, the defendants contend that the Supreme Court erred in awarding the plaintiff "benefit of the bargain" damages because the plaintiff failed to plead or prove that their breach of the sales contract was willful or in bad faith. We disagree. It is settled law that where a seller acts in bad faith or willfully disregards the contract, the purchaser in a breach of contract action is compensated for loss of bargain by recovering the difference between the value of the property and the contract price, together with the incidental damages which flow from the breach *(see, Lotito v Mazzeo,* 132 AD2d 650, 651; *Freidus v Eisenberg,* 123 AD2d 174, 177, *affd* 71 NY2d 981; *Bailey v Morgan,* 95 AD2d 883, *affd* 62 NY2d 844; *Mokar Props. Corp. v Hall,* 6 AD2d 536, 539; *see also,* 62 NY Jur, Vendor and Purchaser, § 169). Contrary to the defendants' contention, the record at bar amply demonstrates that they willfully breached the subject contract *(see, BSL Dev. Corp. v Broad Cove, supra),* and that a willful breach was clearly alleged in the plaintiff's complaint *(see,* CPLR 3013).

In addition, the Supreme Court's finding that the actual market value of the subject property exceeded the contract price is supported by the record. In this regard, we note that it is undisputed that the defendants were experiencing severe financial difficulties at the time they entered into the contract, and were therefore anxious to expedite a sale. Moreover, an appraisal of the subject property performed for the plaintiff prior to its entry into the contract indicated that the market value of the property was considerably in excess of the contract price.

Turning to the issue of attorneys' fees, we note that $25,000 of the total sum awarded to the plaintiff represented fees incurred in preparation for closing on the contract of sale. However, neither of the contractual provisions relied upon by the plaintiff support the award of attorneys' fees incurred prior to the defendants' breach (see, Hooper Assocs. v AGS Computers, 74 NY2d 487, 491; Breed, Abbott & Morgan v Hulko, 74 NY2d 686; see also, Lotito v Mazzeo, supra). Accordingly, we find that the Supreme Court improperly included fees incurred by the plaintiff prior to the breach in its award.

We have examined the parties' remaining contentions and find them to be without merit. Kunzeman, J. P., Eiber, Miller and Ritter, JJ., concur.