■ BANK OF NEW YORK, Respondent, v DONALD CHERICO et al., Appellants. [619 NYS2d 366] —Peters, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order and judgment of the Supreme Court (Ruskin, J.), entered July 27, 1993 in Westchester County, which partially granted plaintiff's motion for summary judgment.

Plaintiff instituted an action against White Plains Towing Corporation, defendants Donald Cherico and Patricia A. Cherico (hereinafter the Chericos) to collect on a defaulted promissory note of White Plains Towing which was guaranteed by the Chericos. The Chericos were the owners of real property located at 217 Ferris Avenue in the City of White Plains,

Westchester County, at the time the action was commenced. During its pendency, the Chericos transferred such property to their daughter, defendant Joyce Ann Cherico, by deed executed on January 2, 1991 and recorded with the County Clerk on January 3, 1991. On June 7, 1991, a judgment in favor of plaintiff was rendered against White Plains Towing and the Chericos in the amount of $224,527.68 which remains unsatisfied. Plaintiff thereafter commenced the instant action to nullify the conveyance of the property from the Chericos to Joyce Ann Cherico pursuant to Debtor and Creditor Law § 273-a.

After issue was joined, plaintiff moved for an order of summary judgment to set aside the transfer of such real property upon the ground that the conveyance was fraudulent. Supreme Court partially granted such motion, finding the transfer fraudulent pursuant to Debtor and Creditor Law § 273-a, but denied such relief on the second cause of action for counsel fees based upon the existence of issues of fact regarding an actual intent to defraud (see, Debtor and Creditor Law § 276-a). Defendants appeal that portion of the order finding the conveyance fraudulent.

Plaintiff submitted both the recording page of the subject deed and the real property transfer report, certified by Patricia Cherico and filed with said deed, which reflects that no consideration was paid for the transfer. Further, an independent appraisal submitted by plaintiff determined the market value of said property to be $215,000. In response thereto, Patricia Cherico and Joyce Ann Cherico submitted their own affidavits contending that the consideration given was a forgiveness of an antecedent debt incurred when Joyce Ann Cherico gave her paychecks to her parents to help pay for household expenses. No documentation in the form of pay stubs or tax returns were submitted which could establish the income of Joyce Ann Cherico for the time in question. Defendants further failed to submit an appraisal of the property to refute the market value determined by plaintiff's appraisal.

As defendants' unsubstantiated allegations cannot be regarded as a substitute for admissible proof, we find that summary judgment was appropriately granted (see, Zuckerman v City of New York, 49 NY2d 557; Scalia v Glielmi, 200 AD2d 615; Blakeslee v Rabinor, 182 AD2d 390, lv denied 82 NY2d 655; Spielvogel v Welborne, 175 AD2d 830; Century 21 Constr. Corp. v Rabolt, 143 AD2d 873, lv denied 73 NY2d 709). We have considered the parties' remaining contentions and find them to be without merit.

Cardona, P. J., Mercure and White, JJ., concur. Ordered that the order and judgment is affirmed, with costs.