■ In the Matter of BSL DEVELOPMENT CORP., Respondent, v AQUABOGUE COVE PARTNERS, INC., Appellant. [623 NYS2d 253] —In a proceeding pursuant to CPLR 5239 to determine the rights of the parties in the property of Broad Cove, Inc., Aquabogue Cove Partners, Inc. appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Suffolk County (Lama, J.), dated December 18, 1992, as, after a hearing, declared a mortgage dated May 6, 1988, fraudulent as to the petitioner and set it aside "until the money judgment in favor of the petitioner and against respondent Broad Cove, Inc., entered October 17, 1989, in the original amount of $982,363.84 is fully satisfied".

Ordered that the judgment is affirmed insofar as appealed from, with costs.

In March 1981 the petitioner BSL Development Corp. (hereinafter BSL) entered into a contract to purchase a parcel of undeveloped land on Long Island from the owner Broad Cove, Inc. (hereinafter Broad Cove). The closing was scheduled for June 1981. Stanley Weisz agreed to purchase all the shares of Broad Cove in August 1981, and the Stanley Weisz, P. C. Retirement Plan (hereinafter the Weisz Plan) subsequently advanced funds to Broad Cove and assumed certain of its obligations. When the closing did not take place, BSL commenced two actions in 1982 to recover damages for breach of contract against Broad Cove. Judgment was entered in favor of Broad Cove in 1985 following a jury trial. In February 1987

this Court reversed the judgment in favor of Broad Cove, as a matter of law, on the issue of liability and remitted the matter for a new trial solely on the issue of damages *(see, BSL Dev. Corp. v Broad Cove,* 127 AD2d 722).

In 1988 Weisz obtained investors under the name Aquabogue Cove Partners, Inc. (hereinafter Aquabogue) to provide funds to Broad Cove. On May 6, 1988, while the trial on damages was pending, Broad Cove conveyed a note and mortgage to Aquabogue in the amount of $9,652,440. In May 1988 Aquabogue gave the Weisz Plan a promissory note in the amount of $8,000,000 and entered into an agreement in which it gave the Weisz Plan an ownership right in the Broad Cove mortgage to the extent of $8,000,000. In May 1989 Aquabogue commenced an action to foreclose on the mortgage. The following month, BSL brought this proceeding for a determination as to the rights of the parties in the property and alleged, *inter alia,* that the mortgage was a fraudulent conveyance as to it. On October 17, 1989, after a nonjury trial on damages in the action brought by BSL against Broad Cove, the court awarded BSL a judgment against Broad Cove in the amount of $982,363.84 *(see, BSL Dev. Corp. v Broad Cove,* 178 AD2d 394). In this proceeding, the court, after considering the evidence offered by the parties at a hearing and the papers submitted in connection with BSL's motion for summary judgment, granted judgment in BSL's favor and declared the mortgage conveyance void as to it. We now affirm.

Pursuant to Debtor and Creditor Law § 273-a, a conveyance made without fair consideration by a defendant in an action for money damages "is fraudulent as to the plaintiff in that action without regard to the actual intent of the defendant if, after final judgment for the plaintiff, the defendant fails to satisfy the judgment". Broad Cove clearly was a defendant in an action for money damages when the mortgage conveyance was made, as a trial on the issue of damages in the action brought by BSL against Broad Cove was pending in May 1988. In addition, there is no dispute in the record that Broad Cove failed to satisfy the final judgment in BSL's favor. The remaining issue is whether the conveyance was based upon fair consideration. We find that it was not.

Fair consideration exists "[w]hen in exchange for such property, or obligation, as a fair equivalent therefor, and in good faith, property is conveyed or an antecedent debt is satisfied" or "[w]hen such property, or obligation is received in good faith to secure a present advance or antecedent debt in amount not disproportionately small as compared with the

value of the property, or obligation obtained" (Debtor and Creditor Law § 272; *Furlong v Storch,* 132 AD2d 866). Aquabogue contended that $8,000,000 of the face amount of the mortgage represented payment of an antecedent debt owed by Broad Cove to the Weisz Plan. Aquabogue was formed for the purpose of the Broad Cove mortgage transaction, and, in April 1990 Stanley Weisz acquired 50 percent of the shares of Aquabogue. We agree with the Supreme Court's finding that there was a lack of documentary evidence to support Aquabogue's claim that the antecedent debt to the Weisz Plan amounted to $8,000,000 *(see, e.g., Century 21 Constr. Corp. v Rabolt,* 143 AD2d 873; *Community National Bank & Trust Co. v Statile,* 94 AD2d 754). Aquabogue's evidence established that the funds it advanced to Broad Cove pursuant to the terms of the mortgage totalled only about $1,000,000. The conveyance therefore was made without fair consideration and was fraudulent as to BSL within the meaning of Debtor and Creditor Law § 273-a. The court properly directed the Clerk of Suffolk County to set the conveyance aside until BSL's money judgment against Broad Cove was satisfied *(see,* Debtor and Creditor Law § 278 [1] [a]; *Century 21 Constr. Corp. v Rabolt, supra; see also, Marine Midland Bank v Murkoff,* 120 AD2d 122, 130).

We have examined Aquabogue's remaining contentions and find them to be without merit. Bracken, J. P., Rosenblatt, O'Brien and Altman, JJ., concur.