SUDHANSHU NARENDRA et al., Respondents, v ELIZABETH THIERIOT et al., Appellants. [838 NYS2d 131]—

In an action, inter alia, for specific performance of a contract

for the sale of real property, the defendants appeal from a judgment of the Supreme Court, Nassau County (Feinman, J.), entered October 14, 2005, which, after a nonjury trial, and upon a decision of the same court dated February 10, 2005, is in favor of the plaintiffs and against them, directing specific performance of the contract.

Ordered that the judgment is affirmed, with costs.

In reviewing a determination made after a nonjury trial, the power of the Appellate Division is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, taking into account that in a close case the trial judge had the advantage of seeing the witnesses (*see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]). Here, there was sufficient evidence demonstrating that the defendant Elizabeth Thieriot (hereinafter the defendant) did not act in good faith to convey title of real property to the plaintiffs pursuant to the terms of the contract of sale (*see Sevilla v Valiotis*, 29 AD3d 775, 776 [2006]; *9 Bros. Bldg. Supply Corp. v Buonamicia*, 299 AD2d 529, 530 [2002]; *Naso v Haque*, 289 AD2d 309, 309-310 [2001]). Accordingly, the defendant was precluded from availing herself of the provision in the parties' contract which limited her liability, in the event she was unable to convey title in accordance with the terms of the contract, to a refund of the plaintiffs' deposit and paying the net costs of examining title (*see 9 Bros. Bldg. Supply Corp. v Buonamicia, supra* at 530; *cf. Emptage & Assoc., Inc. v Cape Hampton, LLC*, 19 AD3d 536, 538 [2005]).

The defendant's contention that the plaintiffs' acceptance of the check returning their down payment barred an action for specific performance is without merit. In general, acceptance of a check in full settlement of a disputed unliquidated claim operates as an accord and satisfaction discharging the claim on the theory that the parties have made a new contract discharging all or part of their obligations under the original contract (*see Merrill Lynch Realty/Carll Burr, Inc. v Skinner*, 63 NY2d 590, 596 [1984]). However, "[s]uch agreements are enforceable . . . only when the person receiving the check has been clearly informed that acceptance of the amount offered will settle or discharge a legitimately disputed unliquidated claim" (*Merrill Lynch Realty/Carll Burr, Inc. v Skinner, supra at* 596). Here, because the defendant did not inform the plaintiffs that acceptance of the check would settle or discharge any claims arising from the defendant's nonperformance under the contract of sale, the plaintiffs' acceptance of the payment did not constitute an accord and satisfaction barring their action for specific per-

formance (*see Kline v Apostolakos,* 176 AD2d 784, 785 [1991]; *Coneys v Game,* 141 AD2d 795 [1988]; *Lotito .v Mazzeo,* 132 AD2d 650, 651 [1987]). Miller, J.P., Ritter, Covello and Balkin, JJ., concur.