■ NATALIE MUSICK, Respondent, v 330 WYTHE AVENUE ASSOCIATES, LLC, Appellant. [838 NYS2d 620]—

In an action, inter alia, for specific performance of a contract for the sale of real property, the defendant appeals from (1) an order of the Supreme Court, Kings County (Dabiri, J.), dated September 14, 2005, which granted the motion of the plaintiff pursuant to CPLR 9002 to give effect to a decision of the same court (Hubsher, J.), dated December 10, 2004, made after a nonjury trial, finding in favor of the plaintiff on the issue of liability, and (2) a judgment of the same court (Dabiri, J.), dated March 30, 2006, which, upon the order and decision, and after a nonjury trial on the issue of damages, is in favor of the plaintiff and against it in the principal sum of $160,000.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

Where a case is tried without a jury, the power of the Appellate Division is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, taking into account that in a close case the trial judge had the advantage of seeing the witnesses (*see Northern Westchester Professional Park Assoc. v Town of Bedford,* 60 NY2d 492, 499 [1983]; *Kahen v Blum,* 185 AD2d 875 [1992]; *see Morgan v Mc-*

*Caffrey*, 14 AD3d 670, 672 [2005]; *Universal Leasing Servs. v Flushing Hae Kwan Rest.*, 169 AD2d 829, 830 [1991]). Applying this standard to the case at bar, there was sufficient evidence demonstrating that the defendant entered into a purchase agreement for the sale of real property (*see Crabtree v Elizabeth Arden Sales Corp.*, 305 NY 48, 55-57 [1953]; *Suchin v Frederick*, 30 AD3d 503 [2006], *lv denied* 8 NY3d 815 [2007]), that it repudiated the contract in a manner constituting an anticipatory breach (*see Goldstein v Held*, 37 AD3d 657 [2007]; *Kevan v Modesta*, 292 AD2d 348 [2002]; *L.I.C. Commercial Corp. v Zirinsky*, 142 AD2d 713, 716 [1988]), and that the plaintiff was ready, willing, and able to perform her obligations under the purchase agreement (*see Roland v Benson*, 30 AD3d 398, 399-400 [2006]; *Gammal v La Casita Milta*, 5 AD3d 630 [2004]; *Haiduk v Nassar*, 177 AD2d 545 [1991]).

Where, as here, the proof establishes that the vendor of real property failed to perform, in bad faith, or willfully disregarded the contract, the purchaser may recover the loss of his or her bargain (*see BGW Dev. Corp. v Mount Kisco Lodge No. 1552 of Benevolent & Protective Order of Elks of U.S. of Am.*, 247 AD2d 565, 568-569 [1998]; *BSL Dev. Corp. v Broad Cove*, 178 AD2d 394 [1991]; *Mokar Props. Corp. v Hall*, 6 AD2d 536, 539 [1958]; *Bulkley v Rouken Glen, Inc.*, 222 App Div 570 [1928], *affd* 248 NY 647 [1928]). The measure of damages for loss of bargain is the difference between the contract price and the market value of the property at the time of the breach, together with the incidental damages which flow from the breach (*see Sirles v Harvey*, 256 AD2d 1227, 1229 [1998]; *BGW Dev. Corp. v Mount Kisco Lodge No. 1552 of Benevolent & Protective Order of Elks of U.S. of Am.*, *supra* at 568-569; *BSL Dev. Corp. v Broad Cove*, *supra; Lotito v Mazzeo*, 132 AD2d 650 [1987]; *Freidus v Eisenberg*, 123 AD2d 174, 177 [1986]).

Here, the Supreme Court, in effect, took judicial notice of an appraisal of the fair market value at the time of the breach of a comparable condominium unit that the defendant had submitted to the Supreme Court as an exhibit, relative to an earlier application regarding an undertaking. Courts may take judicial notice of their own prior proceedings and records, including exhibits (*see Matter of Nicole VV.*, 296 AD2d 608, 610 [2002]; *Casson v Casson*, 107 AD2d 342, 344 [1985]), even sua sponte after trial (*see Rothstein v City Univ. of N.Y.*, 194 AD2d 533, 534 [1993]). The defendant, as the party that had previously submitted the appraisal and argued its accuracy and relevance, cannot now be heard to complain of its use.

The defendant's remaining contentions are without merit or

have been rendered academic by our determination. Miller, J.P., Mastro, Dillon and McCarthy, JJ., concur.