In an action to recover monies allegedly owed to the plaintiff pursuant to a marital settlement agreement between the par *464 ties dated February 26, 1990, the defendant appeals from a judgment of the Supreme Court, Queens County (Leviss, J.), entered June 12, 2007, which, after a nonjury trial, is in favor of the plaintiff and against him in the principal sum of $46,373.31.
Ordered that the judgment is reversed, on the law, without costs or disbursements, and the complaint is dismissed.
In reviewing a determination made after a nonjury trial, this Court’s power is as broad as that of the trial court, and it may render the judgment it finds warranted by the facts, taking into account that in a close case the trial judge had the advantage of seeing and hearing the witnesses (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]; Narendra v Thieriot, 41 AD3d 442, 443 [2007]).
An agreement that is incorporated, but not merged, into a judgment of divorce is a legally-binding independent contract between the parties which must be interpreted so as to give effect to the parties’ intentions (see Matter of Gravlin v Ruppert, 98 NY2d 1, 3-7 [2002]; Matter of Heinlein v Kuzemka, 49 AD3d 996 [2008]). Where the contract is clear and unambiguous on its face, the intent of the parties must be gleaned from within the four corners of the instrument (see Nichols v Nichols, 306 NY 490, 496 [1954]; Fetner v Fetner, 293 AD2d 645 [2002]).
The Supreme Court erred in concluding that the plaintiff was entitled to an award of half of the college expenses of the parties’ sons Bradley and Stephen Christopher from the defendant. With respect to educational expenses, the parties’ marital settlement agreement (hereinafter the agreement) dated February 26, 1990 provided that “[a]ny expense of the children’s education that will not be covered by the proceeds of [a certain trust] will be equally shared between the husband and wife.” It further provided that “[b]oth parties will contribute to their children’s education at an accredited institution of higher learning in accordance with their means and abilities.” The plaintiff failed to produce any evidence as to the proceeds or balance of the trust available to cover the children’s educational expenses. No evidence was adduced concerning the means and abilities of the parties. Accordingly, the plaintiff failed to establish a contractual entitlement to recovery of the sought-after college expenses pursuant to the terms of the agreement. Spolzino, J.E, Ritter, Santucci and Garni, JJ., concur.