Martene N. Edwards, Respondent, 
against
Nemet Motors, LLC, Appellant.




D'Ambrosio & D'Ambrosio, P.C. (James J. D'Ambrosio of counsel), for appellant.
Martene N. Edwards, respondent pro se (no brief filed).

Appeal from a judgment of the Civil Court of the City of New York, Queens County (Terrence C. O'Connor, J.), entered August 18, 2016. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $2,898.




ORDERED that the judgment is affirmed, without costs.
In this small claims action, plaintiff seeks to recover the principal sum of $3,250, based on defendant's failure to provide a refund to her for insurance items which she had purchased through defendant but had then cancelled. At a nonjury trial, plaintiff testified that, in connection with her purchase of a new car from defendant, defendant had sold her several items, which she had subsequently realized she did not need and sought to cancel. Defendant consented to plaintiff's cancellation of a security system which had not yet been installed and a service package, but informed plaintiff that two insurance policies, for which she had paid $1,499 and $1,399 respectively, were nonrefundable and noncancellable. Defendant issued a refund check to plaintiff for the security system and the service package. Above plaintiff's endorsement, the check was marked "in full and final settlement of all claims." 
Plaintiff contacted the issuers of the two insurance policies, which agreed to cancel them and to refund their cost. It was undisputed that the issuers had refunded the cost of the policies to defendant. Defendant, however, refused to pay the refunds to plaintiff, asserting that plaintiff's endorsement of defendant's check had constituted an accord and satisfaction. Following the trial, the Civil Court awarded judgment to plaintiff in the principal sum of $2,898.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (CCA 1807; see CCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). Furthermore, the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 [*2]AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126). 
While the acceptance of a check in full settlement of a disputed claim may operate as an accord and satisfaction discharging the claim, on the theory that the parties have, thereby, made a new contract discharging their obligations under the original contract, an accord and satisfaction is "enforceable . . . only when the person receiving the check has been clearly informed that acceptance of the amount offered will settle or discharge a legitimately disputed unliquidated claim" (Merrill Lynch Realty/Carll Burr, Inc. v Skinner, 63 NY2d 590, 596 [1984]; see also Narendra v Thieriot, 41 AD3d 442, 443 [2007). The party asserting the affirmative defense of accord and satisfaction bears the burden of establishing "that there was a disputed or unliquidated claim between the parties which they mutually resolved through a new contract discharging all or part of their obligations under the original contract" (Profex, Inc. v Town of Fishkill, 65 AD3d 678, 678 [2009]). "It is well settled that 'acceptance of part payment of a liquidated claim is no defense to an action for the balance, even where part payment is in the form of a check reciting that it is in full settlement, in the absence of a signed agreement or some consideration which is new or collateral to the partial payment' " (Nwulu-Njoku v Azuaru, 46 Misc 3d 135[A], 2014 NY Slip Op 51878[U], *1 [App Term, 2d Dept, 2d,11th & 13th Jud Dists 2014], quoting 19A NY Jur 2d, Compromise, Accord, and Release § 18; see also Simone v Beach Realty Corp., 38 Misc 3d 147[A], 2013 NY Slip Op 50335[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2013]). In the present case, defendant failed to establish that it had clearly informed plaintiff that her acceptance of the refund check for the security system and the service package would extinguish her claim to a refund for the insurance policies, nor did it demonstrate the existence of a signed agreement apart from the endorsed check or consideration which was new or collateral to the partial payment. 
While defendant contends that, under the parties' contract, the insurance policies were noncancellable, this does not obviate the fact that plaintiff did in fact cancel them, and that their issuers refunded the policies' purchase prices to defendant. Were defendant permitted to retain those refunds, it would be unjustly enriched at plaintiff's expense. 
To the extent that defendant argues that the Civil Court applied an improper evidentiary standard in this small claims action, since defendant failed to identify any prejudice which resulted from such alleged error, we conclude that the error, if any, was harmless (see CPLR 2002; Parris v New York City Tr. Auth., 140 AD3d 938, 940 [2016]).
We therefore conclude that the judgment in favor of plaintiff rendered substantial justice between the parties according to the rules and principles of substantive law (CCA 1807; see CCA 1804; Ross v Friedman, 269 AD2d 584; Williams v Roper, 269 AD2d at 126).
Accordingly, the judgment is affirmed.
PESCE, P.J., WESTON and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 15, 2018