Tudor & Son Gen. Contr., Inc. v Kandov (2021 NY Slip Op 00200)





Tudor & Son Gen. Contr., Inc. v Kandov


2021 NY Slip Op 00200


Decided on January 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2018-05669
 (Index No. 715258/17)

[*1]Tudor & Son General Contracting, Inc., appellant,
v
Violeta Kandov, et al., respondents.


Tsyngauz & Associates, P.C., New York, NY (Yevgeny Tsyngauz and Simon I. Malinowski of counsel), for appellant.
Jason M. Baxter, New York, NY, for respondents.



DECISION & ORDER
In an action to set aside a conveyance as fraudulent pursuant to Debtor and Creditor Law former § 273-a, the plaintiff appeals from an order of the Supreme Court, Queens County (Ulysses B. Leverett, J.), entered April 19, 2018. The order, insofar as appealed from, denied the plaintiff's cross motion pursuant to CPLR 3211(c) for summary judgment on the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff, Tudor & Son General Contracting, Inc. (hereinafter Tudor), commenced this action against the defendants, spouses Violeta Kandov and Albert Y. Dayan, to set aside a 2008 conveyance of real property from Kandov alone to Kandov and Dayan "as husband and wife" pursuant to Debtor and Creditor Law § 273-a (repealed effective Apr. 4, 2020 [L 2019, ch 580, § 2]). The defendants moved, inter alia, to dismiss the complaint as time-barred, and Tudor cross-moved pursuant to CPLR 3211(c) for summary judgment on the complaint. By order entered April 19, 2018, the Supreme Court, among other things, denied that branch of the defendants' motion which was to dismiss the complaint as time-barred, and denied Tudor's cross motion for summary judgment. Tudor appeals from so much of the order as denied its cross motion.
Pursuant to Debtor and Creditor Law former § 273-a, "[e]very conveyance made without fair consideration when the person making it is a defendant in an action for money damages or a judgment in such an action has been docketed against him, is fraudulent as to the plaintiff in that action without regard to the actual intent of the defendant if, after final judgment for the plaintiff, the defendant fails to satisfy the judgment." Fair consideration exists "[w]hen in exchange for such property, or obligation, as a fair equivalent therefor, and in good faith property is conveyed or an antecedent debt is satisfied" or "[w]hen such property, or obligation is received in good faith to secure a present advance or antecedent debt in [an] amount not disproportionately small as compared with the value of the property, or obligation obtained" (Debtor and Creditor Law former § 272[a], [b]; see Matter of BSL Dev. Corp. v Aquabogue Cove Partners , 212 AD2d 694, 695-696). "The question of what constitutes fair consideration is generally one of fact, [dependent upon] the circumstances of the particular case" (Farmers Prod. Credit Assn. of Middletown v Taub , 121 AD2d 681, 682).
Here, Tudor established its prima facie entitlement to summary judgment with evidence that the conveyance was effected during the pendency of a prior action for a money judgment in which Kandov was the defendant, that Tudor was successful in obtaining a money judgment against Kandov in that prior action which remains unpaid, and that the conveyance was made without fair consideration (see Debtor and Creditor Law former § 273-a; Matter of BSL Dev. Corp. v Aquabogue Cove Partners , 212 AD2d at 695-696).
In opposition, the defendants raised a triable issue of fact as to whether the conveyance was supported by fair consideration (see Alvarez v Prospect Hosp. , 68 NY2d 320, 324). The defendants submitted evidence that the conveyance was effected in exchange for, and simultaneously with, the transfer of an adjoining property owned by Kandov's father and Dayan, to Kandov and Dayan, "as husband and wife." This evidence is sufficient to raise a triable issue of fact as to whether the challenged conveyance was supported by fair consideration (see Debtor and Creditor Law former § 272; Matter of BSL Dev. Corp. v Aquabogue Cove Partners , 212 AD2d 695-696; Farmers Prod. Credit Assn. of Middletown v Taub , 121 AD2d 681).
The parties' remaining contentions either are without merit or have been rendered academic.
DILLON, J.P., LASALLE, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court