Corning Fed. Credit Union v Georgilis (2023 NY Slip Op 03330)

Corning Fed. Credit Union v Georgilis

2023 NY Slip Op 03330

Decided on June 21, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 21, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
LILLIAN WAN, JJ.

2019-13639
 (Index No. 710044/16)

[*1]Corning Federal Credit Union, appellant,
v
Steven Georgilis, et al., defendants, Jason Georgilis, defendant-respondent, BOKF, NA, intervenor-defendant-respondent.

Davidson Fink, LLP, Rochester, NY (David L. Rasmussen of counsel), for appellant.
Peter Metis, New York, NY, for defendant-respondent.
Law Offices of Jennifer Smith PLLC, New York, NY, for intervenor-defendant-respondent.

DECISION & ORDER
In an action to set aside allegedly fraudulent conveyances pursuant to the Debtor and Creditor Law, the plaintiff appeals from an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), entered August 7, 2019. The order denied the plaintiff's motion for summary judgment on the first, second, third, and fourth causes of action.
ORDERED that the order is affirmed, with one bill of costs.
In 2016, the plaintiff, Corning Federal Credit Union (hereinafter Corning), commenced this action pursuant to the Debtor and Creditor Law to set aside conveyances of a one-half interest in real property originally held by the defendant Steven Georgilis (hereinafter Steven), against whom Corning had obtained a judgment in a prior action. During the pendency of that prior action, Steven had conveyed his one-half interest to the defendant DiBenedetto Properties, Inc. (hereinafter DiBenedetto), for $30,000. At the same time, Steven executed a mortgage note in favor of DiBenedetto, for a $30,000 loan, which indicated that the transferred property interest would revert to Steven upon repayment of the loan. Approximately seven months later, Steven's son, the defendant Jason Georgilis, the owner of the other one-half interest in the property, purchased DiBenedetto's property interest and Steven's reversionary interest for $200,000.
Corning moved for summary judgment in the instant action on the first through fourth causes of action to set aside the conveyances pursuant to the Debtor and Creditor Law. The Supreme Court denied the motion. Corning appeals.
Contrary to Corning's contention, it failed to establish its prima facie entitlement to judgment as a matter of law on the second cause of action, pursuant to Debtor and Creditor Law former § 273-a, as it failed to demonstrate, prima facie, that Steven did not receive fair consideration for his interest in the property (see Corning Fed. Credit Union v Georgilis, _____ AD3d _____ [Appellate Division Docket No. 2020-04854; decided herewith]; Tudor & Son Gen. Contr., Inc. v [*2]Kandov, 190 AD3d 781; Northpark Assoc., L.P. v S.H.C. Mergers, Inc., 8 AD3d 642, 644). Corning further failed to establish its prima facie entitlement to judgment as a matter of law on the fourth cause of action, pursuant to Debtor and Creditor Law former § 276, as it failed to demonstrate, prima facie, the existence of "badges of fraud" giving rise to an inference of intent (Goldenberg v Friedman, 191 AD3d 641, 643; see Corning Fed. Credit Union v Georgilis,_____ AD3d _____).
The parties' remaining contentions are either without merit or not properly before this Court.
Since Corning failed to meet its prima facie burden on its motion for summary judgment, the Supreme Court properly denied the motion without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
IANNACCI, J.P., MILLER, CHRISTOPHER and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court