■ RICHARD T. LOUGHLIN, Respondent, v CITY OF NEW YORK

et al., Appellants.—In an action to recover damages for personal injuries, the defendants City of New York and Constanza E. Hoyos separately appeal from a judgment of the Supreme Court, Queens County (Harbater, J.), entered May 10, 1990, which, upon jury verdicts after a bifurcated trial, is in favor of the plaintiff and against them in the principal sum of $1,792,605.

Ordered that the judgment is reversed, on the law, with one bill of costs, and the complaint is dismissed.

This action arises from a collision between an automobile driven by the defendant Constanza E. Hoyos and a stationary New York City fire truck. The firefighters assigned to the truck had just extinguished a fire in an abandoned vehicle. At the time of the accident, the plaintiff, Richard Loughlin, and fellow firefighter Tony Shands were in the process of reeling in the hose, and were standing at the rear of the fire truck, about "an arm's length" apart. The Hoyos vehicle crashed into the rear of the truck, severing Shands' legs and killing him. The plaintiff allegedly sustained a back injury as a result of the collision.

While credibility determinations are generally within the province of the trier of fact: "In evaluating testimony we should not discard common sense and common knowledge * * *. 'The rule is that testimony which is incredible and unbelievable, that is, impossible of belief because it is manifestly untrue, physically impossible, contrary to experience, or self-contradictory, is to be disregarded as being without evidentiary value, even though it is not contradicted by other testimony or evidence introduced in the case' " *(People v Garafolo,* 44 AD2d 86, 88, quoting 22 NY Jur, Evidence, § 649; *see, People v Shedrick,* 104 AD2d 263, 273, *affd* 66 NY2d 1015; *Ausch v St. Paul Fire & Mar. Ins. Co.,* 125 AD2d 43).

The plaintiff's testimony that he was not knocked to the ground and walked away from the accident with black and blue marks as the only outward manifestation of his injury after being hit unexpectedly from behind is a physical impossibility in view of the tremendous impact which caused extensive damage to both vehicles, as well as crushing injuries to firefighter Shands. The plaintiff's claim that, despite having suffered injuries as a result of contact with the Hoyos vehicle, he immediately ran to the aid of Ms. Hoyos and then crawled under the fire truck and pulled Shands out, is similarly incredible.

The plaintiff delivered his testimony in a disjointed and

wavering manner—his absolute inability initially to state that he had been struck by the car, and, thereafter, upon returning to the stand in an effort to defeat the defense dismissal motions, to describe with some clarity in a convincing manner how the Hoyos vehicle made contact with him—further undermined his believability. Indeed, the trial court, in denying the defendants' motion, noted that this was a "close call".

The plaintiff's failure to claim that he had been struck until the date of filing of his notice of claim—three months after the accident—further persuades us that his claim is unworthy of belief. Not only did the plaintiff fail to advise either his lieutenant, any of his fellow firefighters, or the responding police officers that he had been struck, or state in his handwritten report of the incident that the vehicle had made contact with him, but also departmental reports state that the plaintiff sustained a back injury "while removing FF. [Firefighter] Shands from beneath the apparatus."

We conclude that "by no rational process could the trier of the facts base a finding in favor of the * * * [plaintiff] upon the evidence here presented" *(Blum v Fresh Grown Preserve Corp.,* 292 NY 241, 245), since the plaintiff's testimony as to his contact with the Hoyos vehicle is incredible as a matter of law *(see, Walker v Murray,* 255 App Div 815, *affd* 280 NY 709; *Matter of Carl W.,* 174 AD2d 678, 679-680; *Rosenberg v Rosenberg,* 155 AD2d 428, 430; *Annunziata v Colasanti,* 126 AD2d 75, 80-82; *People v Auletta,* 88 AD2d 867, 869-870; *Sankin v Ford Motor Co.,* 36 AD2d 772). Thompson, J. P., Harwood, O'Brien and Santucci, JJ., concur.