■ THOMAS P. MOHEN et al., Respondents-Appellants, v DANIEL C. MOONEY et al., Appellants-Respondents. [614 NYS2d 737] —In an action for specific performance of a contract for the sale of real property, which was converted into an action to recover damages for breach of contract, (1) the defendants appeal, as limited by their brief, from stated portions of an order of the Supreme Court, Nassau County (Brucia, J.), entered February 21, 1991, which, *inter alia,* limited the restitution due to them to the difference between the contract price and the fair market value of the subject property as of May 15, 1989, less the sum of $3,285.12, and the plaintiffs cross-appeal from stated portions of the same order which, *inter alia,* dismissed their second and third causes of action, and (2) the plaintiffs appeal from so much of a judgment of the same court, entered May 18, 1992, as, after an evidentiary hearing, awarded the defendants $122,452.80 ($96,714.88 plus interest from July 15, 1989), and the defendants cross-appeal from the same judgment on the ground of inadequacy.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, and the defendants are awarded $230,000, plus interest from October 31, 1988, until June 18, 1992, minus credits in the amount of $3,285.12; and the matter is remitted to the Supreme Court, Nassau County, for the entry of an appropriate judgment; and it is further,

Ordered that the appellants are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment *(see,* CPLR 5501 [a] [1]).

The plaintiff buyers entered into a contract with the defendant sellers for the sale of real property. In a prior decision and order, this Court determined that the plaintiffs breached the contract on October 31, 1988 *(see, Mohen v Mooney,* 162 AD2d 664). However, prior to the issuance of this Court's decision and order, the Supreme Court, Nassau County (Brucia, J.), in an order dated March 9, 1989, *inter alia,* awarded the plaintiffs specific performance of the contract. In obedience to the order of the Supreme Court, on April 18, 1989, the defendants passed title to the property to the plaintiffs, who made various improvements thereupon. Following the defendants' motion, *inter alia,* for restitution, the Supreme Court determined that the value of the property was to be computed as the difference between the contract price ($660,000) and the fair market value of the property as of May 15, 1989, plus interest from July 15, 1989. This determination was based on the assumption that the defendants would have contracted to sell the property to a new purchaser on the former date, and would have closed on the property on the latter date, had it not been for its erroneous order of March 9, 1989. In this the court erred. It is well established that the restitution component of damages flowing from the breach of a contract for the purchase of real property is "the difference between the contract price and the market value at the time of the breach, together with reasonable attorney's fees and other expenses necessarily incurred in reliance upon the contract, with interest from the date of the breach" *(Lotito v Mazzeo,* 132 AD2d 650, 651; *see, Bailey v Morgan,* 95 AD2d 883, *affd* 62 NY2d 844; *Colonial Diversified v Assured Holding Corp.,* 71 AD2d

1011). Since the contract was breached on October 31, 1988, the property must be valued as of that date. Moreover, there is nothing whatever in the record to support the dates chosen by the court, nor even to support its assumption that the defendants would have re-sold the property after the instant transaction fell through.

The plaintiffs were barred by the doctrine of estoppel against inconsistent positions from adducing evidence at the hearing held on May 22, May 29, and June 26, 1991, to prove that the property at issue was less valuable than their own expert had asserted to in the context of an earlier motion for summary judgment (see, Anonymous v Anonymous, 137 AD2d 739; Environmental Concern v Larchwood Constr. Corp., 101 AD2d 591). The plaintiffs' expert subsequently reiterated his evaluation, both in an affidavit accompanying a subsequent motion and at the hearing. In addition, the hearing testimony of the plaintiffs' new expert was so riddled with inconsistencies as to be incredible as a matter of law. The court did not err in striking the testimony of the plaintiffs' engineer, when it learned that the plaintiffs' appraiser had been unaware of the engineer's observations when preparing his assessment. Moreover, we find that the defendants' expert's assessment of the property as being worth $890,000 was credibly arrived at. We note that although the testimony of the defendants' expert was with reference to May 15, 1989, as the valuation date of the property, his report concluded that the property had actually declined slightly in value in the months prior to May 1989. Thus, the record amply supports a valuation of the property at $890,000 as of October 31, 1988.

The Supreme Court was additionally mistaken in suggesting in its memorandum decision that the defendants suffered no other damages, such as tax consequences on brokerage fees. These elements of damages are considered on a companion appeal brought in a separate action (see, Alexsey v Kelly, 205 AD2d 649; 205 AD2d 650 [decided herewith]). There is no merit to the plaintiffs' claim that the defendants' damages are capped by a liquidated damages provision in the rider to the contract. That provision, by its terms, gave the defendants the option to retain the down payment as liquidated damages, or to bring suit against the plaintiffs for consequential damages (see, Rentways, Inc. v O'Neill Milk & Cream Co., 308 NY 342; Todem Homes v Freidus, 84 Misc 2d 1023, mod on other grounds 55 AD2d 640).

Finally, the plaintiffs' second and third causes of action were properly dismissed. This Court necessarily decided in its

prior determination that the plaintiffs' letter dated August 25, 1988, did not evidence an agreement to postpone indefinitely the date of the closing, which the defendants had effectively scheduled for October 31, 1988, with time of the essence *(see, Mohen v Mooney,* 162 AD2d 664, *supra).* Thompson, J. P., Santucci, Friedmann and Florio, JJ., concur.