■ MARIA C. CRUZ, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [821 NYS2d 97]—

In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Queens County (Flaherty, J.), dated December 15, 2004, which, upon a jury verdict finding it 50% at fault in the happening of the accident and the plaintiff 50% at fault, and upon an order of the same court dated November 23, 2004, denying its motion, inter alia, pursuant to CPLR 4404 (a) to set aside the verdict and for judgment as a matter of law dismissing the complaint, is in favor of the plaintiff and against it.

Ordered that the judgment is reversed, on the law, with costs, the branch of the motion which was to set aside the verdict and for judgment as a matter of law dismissing the complaint is granted, the complaint is dismissed, and the order dated November 23, 2004, is modified accordingly.

In this action to recover damages for personal injuries resulting from the alleged negligent maintenance by the defendant of a staircase located at the 74th Street and Roosevelt Avenue subway stop in Queens, the jury returned a verdict on the issue of liability finding the plaintiff and the defendant each 50% at fault in the happening of the accident. The defendant timely moved, inter alia, pursuant to CPLR 4404 (a) to set aside the verdict and for judgment as a matter of law dismissing the complaint. The court denied the motion and the instant appeal ensued.

The only testimony offered was that of the plaintiff, who testified that on October 4, 2001, at about 7:20 A.M., she got off the No. 7 train and was descending a staircase to catch another train. She was holding the handrail and, after she took about seven steps, she slipped on a newspaper which she described as folded with grease stains on it. She further testified that she was sure that this was the same newspaper she had seen two days earlier because it had the same grease stains on it. She did not see the newspaper the day before because she did not use that subway that day. She claimed that on other days the staircase had lots of garbage on it.

On cross-examination the plaintiff testified that she did not step over the newspaper because she did not see it. Moreover, the plaintiff was unable to describe the newspaper with any significant particularity as to date, headlines, or ads. She conceded that upon seeing the newspaper and garbage two days earlier she took no steps to report the debris to the defendant New

York City Transit Authority. The plaintiff called no other witnesses and rested. The defendant also rested without calling any witnesses.

We agree with our dissenting colleague that great deference must be given to the jury's determination of issues involving credibility. However, that principle should not be carried to such an extreme that a verdict is allowed to stand based on testimony which is utterly incredible as a matter of law because it is manifestly untrue, physically impossible, or contrary to common experience, and such testimony should be disregarded as being without evidentiary value notwithstanding that it is uncontradicted (see Loughlin v City of New York, 186 AD2d 176 [1992]).

In this case we find it utterly incredible that (1) the plaintiff, who admitted that she did not see any newspaper on the date of her fall before she fell, had nonetheless observed the newspaper two days earlier, (2) being unable to distinguish to any significant degree the paper which caused her fall, the plaintiff had the keen powers of observation to note that the paper two days earlier was folded and had a grease stain, and (3) after two days of pedestrian traffic, the same newspaper would remain virtually undisturbed. We conclude that the verdict was predicated on testimony which was manifestly untrue and contrary to common experience and is thus incredible as a matter of law and should be afforded no evidentiary value (id.). The record reveals no other facts upon which any possible liability can be imposed upon the defendant. Thus, there was no valid line of reasoning and permissible inferences by which the jury could find in favor of the plaintiff, and the Supreme Court should have granted that branch of the defendant's motion which was to set aside the verdict and for judgment as a matter of law dismissing the complaint. Miller, J.P., Luciano and Lifson, JJ., concur.

Skelos, J. (dissenting and voting to affirm the judgment with the following memorandum, with which Crane, J., concurs). On October 4, 2001, the plaintiff, while descending a staircase located at the 74th Street and Roosevelt Avenue subway station in Queens, New York, slipped on a newspaper lying on the stairs and fell. After trial, the jury found both the plaintiff and the defendant 50% at fault in the happening of the accident. The defendant moved, inter alia, pursuant to CPLR 4404 (a) to set aside the jury verdict and for judgment as a matter of law and, in the alternative, to set aside the verdict as against the weight of the evidence and for a new trial. The Supreme Court denied the motion.

The defendant limits its arguments on appeal to the denial of

that branch of the motion which was pursuant to CPLR 4404 (a) to set aside the jury verdict and for judgment as a matter of law. To set aside a verdict pursuant to CPLR 4404 (a) as a matter of law, the trial court must conclude that there is simply no valid line of reasoning and permissible inferences which could possibly lead rational people to the conclusion reached by the jury on the basis of the evidence presented at trial (*see Cohen v Hallmark Cards,* 45 NY2d 493, 499 [1978]; *Tribuzio v City of New York,* 15 AD3d 646 [2005]).

On its motion, the defendant argued that the evidence was insufficient, as a matter of law, to establish constructive notice of the dangerous condition. There is no "bright line" test for determining the minimum period of time a defective condition must exist in order to charge a landowner with constructive notice of it. Rather, to constitute constructive notice, a defect must be visible and apparent for a sufficient length of time so that a defendant, in the exercise of reasonable care, should have discovered and corrected it (*see Gordon v American Museum of Natural History,* 67 NY2d 836, 837 [1986]; *Negri v Stop & Shop,* 65 NY2d 625, 626 [1985]; *Solomon v Loszynski,* 21 AD3d 366 [2005]; *cf. Rivera v 2160 Realty Co., L.L.C.,* 4 NY3d 837, 838 [2005]).

The plaintiff testified that she slipped on a folded newspaper covered with black grease stains that was on the subway staircase for two days before the accident. Given the defendant's failure to offer any evidence at trial, the plaintiff's uncontroverted testimony provided a "valid line of reasoning and permissible inferences which could possibly lead rational [people] to the conclusion reached by the jury *on the basis of the evidence presented at trial" (Cohen v Hallmark Cards, supra,* at 499 [emphasis added]). Therefore, I respectfully disagree with the majority that the Supreme Court should have granted that branch of the defendant's motion which was for judgment as a matter of law. To have so determined, the majority must hold that the plaintiff failed to present legally sufficient evidence to support the conclusion that the defendant had constructive notice of the dangerous condition. In my view, such a holding is contrary to the evidence, indeed, the only evidence, presented to this jury. Thus, since the plaintiff made out a prima facie case, it is error for the majority to dismiss the complaint (*see Negri v Stop & Shop, supra*).

I also disagree with the majority's conclusion that the plaintiff's testimony was "utterly incredible as a matter of law" (*see Mohen v Mooney,* 205 AD2d 670, 672 [1994]). The plaintiff was the only witness the jury heard and the defendant proffered

no evidence at trial that contradicted her testimony or otherwise called it into question (*cf. Cruz v Port Auth. of N.Y. & N.J.,* 243 AD2d 251, 252 [1997]). The majority's reliance on *Loughlin v City of New York* (186 AD2d 176, 177 [1992]) is misplaced. While a court may disregard testimony as being without evidentiary value, even if not contradicted by other testimony or evidence introduced in the case, if it "is incredible and unbelievable, that is, impossible of belief because it is manifestly untrue, physically impossible, contrary to experience, or self-contradictory," such is not the case here (*Loughlin v City of New York, supra* at 177 [internal quotation marks omitted]).

In the first instance, the plaintiff's testimony was not "riddled with inconsistencies" (*Mohen v Mooney, supra* at 672; *Ferrari v Barleo Homes,* 112 AD2d 137 [1985]) so as to be self-contradictory (*see Malanga v City of New York,* 300 AD2d 549, 550 [2002]; *Loughlin v City of New York, supra* at 177). During cross-examination, the plaintiff steadfastly adhered to her testimony that she observed the same newspaper on the staircase two days before the accident. She claimed to have recognized the newspaper by the way it was folded and the black grease stains on it. The majority makes much of the fact that the plaintiff testified that on the day of the accident, she did not see the newspaper before she fell although she had seen it two days before. Clearly, one may observe something one day but not the next for many reasons other than that the thing observed was previously not there. Thus, while some significance may be attributable to the plaintiff's failure to see the newspaper immediately before she slipped and fell notwithstanding having seen it two days earlier, it does not equate to something so contrary to experience as to be incredible as a matter of law (*see Loughlin v City of New York, supra* at 177).

The fact that the plaintiff "was unable to describe the newspaper with any significant particularity as to date, headlines, or ads" also was not contrary to experience. Indeed, assuming appropriate visual acuity and lighting, common sense and experience tell us that it is unreasonable to expect a person to be able to read the headlines or advertisements, let alone the date, on a newspaper lying on the ground at his or her feet. It is even less reasonable to expect that a commuter walking down the subway stairs on the way to work, as was the plaintiff, would be so situated as to be able to read and retain such detail for future recall. Rather, what the plaintiff observed was what one could, and clearly what this jury did, reasonably expect her to see, a folded newspaper with grease stains on it.

Nor did the defendant make out the plaintiff's testimony to

be manifestly untrue or physically impossible. For example, the defendant did not submit any evidence to establish that its employees had swept the staircase clean sometime between the time when the plaintiff first observed the newspaper two days earlier and the time of the accident (*see Hardy v Lojan Realty Corp.*, 303 AD2d 457 [2003]; *Loughlin v City of New York, supra; Becker v City of New York,* 106 AD2d 595, 597 [1984]). In addition, it was not, as the majority asserts, "utterly incredible" that the "same newspaper would remain virtually undisturbed." The plaintiff did not testify that the newspaper was undisturbed in the same place on the staircase, only that she had observed the same newspaper on the staircase. Nor did the defendant proffer any evidence regarding pedestrian traffic or any other variables which may have affected the positioning of the newspaper on the staircase or the likelihood that it remained there for two days.

Significantly, following the submission of the case for jury deliberations, the jury specifically asked the court whether the newspaper on which the plaintiff slipped had to be the same newspaper she saw two days before the incident in order to find the defendant negligent. The court answered in the affirmative. The jury's inquiry during deliberations clearly demonstrated that it was focused on the plaintiff's testimony regarding what she observed about the newspaper, and where and when she observed it, in concluding that the defendant had constructive notice of it (*see e.g. People v Shakur,* 249 AD2d 424, 425 [1998]; *cf. DePasquale v Morbark Indus.,* 254 AD2d 450 [1998]).

Thus, viewing the evidence presented in the light most favorable to the plaintiff and according her the benefit of every reasonable inference (*see Cohen v Hallmark Cards,* 45 NY2d 493 [1978], *supra; Tribuzio v City of New York, supra*), it cannot be said that the evidence was insufficient as a matter of law to permit the jury to infer that the newspaper which caused the plaintiff to fall had been on the staircase a sufficient length of time prior to the accident to permit the defendant's employees to discover and remedy it (*see Negri v Stop & Shop, supra*).

Since it was "not . . . utterly irrational for [the] jury to reach the result it has determined upon . . . the court may not conclude that the verdict is as a matter of law not supported by the evidence" (*Soto v New York City Tr. Auth.,* 6 NY3d 487, 492 [2006]; *Cohen v Hallmark Cards, supra* at 499). Accordingly, I respectfully dissent.