SERGUEI TROFIMOV, Appellant, v ANATOLIY FURMANOV, Respondent. [832 NYS2d 67]—

In an action, inter alia, to recover damages for defamation, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Marano, J.H.O.), entered September 20, 2005, which, upon an order of the same court dated December 8, 2004, denying his motion to set aside a determination in a transcript of the same court dated June 3, 2004, made after a hearing, that the service of process upon the defendant was improper, or for a new hearing, and upon an amended order of the same court dated July 19, 2005, granting the defendant's motion to vacate a judgment of the same court (Johnson, J.), entered April 24, 2003, upon his default, and to dismiss the complaint, dismissed the complaint.

Ordered that the judgment is reversed, on the law and the facts, with costs, the plaintiff's motion to set aside the determination that service of process upon the defendant was improper is granted, the defendant's motion to vacate the default judgment entered April 24, 2003, and to dismiss the complaint is denied, the default judgment entered April 24, 2003, is reinstated, and the order and the amended order are modified accordingly.

The plaintiff sustained his burden of proving, by a preponderance of the evidence, that the defendant was personally served with process, with the testimony of the process server (see Vega v City of New York, 194 AD2d 537 [1993]). We agree with the plaintiff that since the defendant's evidence at the hearing was riddled with inconsistencies and contradictions (see Mohen v Mooney, 205 AD2d 670 [1994]; Loughlin v City of New York, 186 AD2d 176 [1992]), it was error to deny the plaintiff's motion to set aside the determination that service of process upon the defendant was improper and to grant the defendant's motion to

vacate the default judgment entered against him and dismiss the complaint.

The defendant's remaining contentions are without merit or are not properly before us on this appeal. Spolzino, J.P., Skelos, Covello and Balkin, JJ., concur.