■ In the Matter of the Estate of BETTY JEAN McKANIC, Deceased. SCOTT PETE, Respondent; JANULYN McKANIC, Appellant. [857 NYS2d 218]—

In a probate proceeding in which Scott Pete petitioned to vacate a decree dated January 5, 2005 admitting the decedent's will to probate, Janulyn McKanic appeals from a decree of the Surrogate's Court, Queens County (Nahman, S.), dated December 2, 2005, which, upon an order of the same court dated October 28, 2005, made after a hearing, granting the petition, vacated the decree dated January 5, 2005, and revoked the letters testamentary issued to her.

Ordered that the decree dated December 2, 2005 is reversed, on the law and the facts, with costs, the decree dated January 5, 2005 is reinstated, the petition to vacate is denied, the order dated October 28, 2005 is modified accordingly, and a subsequent order dated July 13, 2006 is vacated.

The decedent died on October 18, 2004. Three days later, preliminary letters testamentary were issued to her niece Janulyn McKanic. By decree dated January 5, 2005 the Surrogate's Court admitted the decedent's will to probate. On or about July 12, 2005 Scott Pete, the decedent's son, filed a petition seeking to vacate the decree on the ground that he had never been served with a citation.

The Surrogate's Court conducted a hearing to determine whether the citation was properly served at which Pete testified that he had been in landlord-tenant court on November 1, 2004 at the time he was allegedly served with the citation in his

home. In contrast, Janulyn McKanic and her mother Etta Mc-Kanic both testified, consistent with the allegations in the affidavit of service, that Etta McKanic had served Pete with the citation in his home shortly before noon on November 1, 2004. In addition, they both testified that, upon being served, Pete became abusive and they called the police. One of the officers who responded completed a police report which was received in evidence at the hearing. The report was dated November 1, 2004, at 12:00 P.M., and indicated that Pete was "present." Nevertheless, finding the testimony of Pete more credible than that of Janulyn McKanic and Etta McKanic, the Surrogate vacated the decree and revoked the letters testamentary. We reverse.

In reviewing the findings of fact here, our authority is as broad as that of the Surrogate, and we may make the determination we find warranted by the facts, taking into account that the Surrogate had the advantage of seeing the witnesses (*see Matter of Winston*, 39 AD3d 765, 766 [2007]; *see also Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *cf. Matter of Falk*, 47 AD3d 21, 28 [2007]; *Matter of Hyde*, 44 AD3d 1195, 1198 [2007]).

At the hearing, Janulyn McKanic offered the police report in support of her contention that Pete was at home, rather than in landlord-tenant court, on the morning of November 1, 2004. The court admitted the report into evidence, but refused to consider it for the truth of any of its contents. Although those portions of the report that recorded statements by Janulyn McKanic and information she provided were inadmissible hearsay if offered for their truth (*see Liguori v City of New York*, 250 AD2d 738, 739 [1998]; *Hatton v Gassler*, 219 AD2d 697 [1995]; *cf. Johnson v Lutz*, 253 NY 124 [1930]), that portion of the report that contained notations made by the officer based upon his own observations was not (*see* CPLR 4518 [a]; *Westchester Med. Ctr. v State Farm Mut. Auto. Ins. Co.*, 44 AD3d 750, 753 [2007]; *cf. Matter of Empire Mut. Ins. Co. [Greaney—National Union Fire Ins. Co. of Pittsburgh]*, 156 AD2d 154, 156 [1989]). Those notations included the date, time, and location of the police response, and the fact that Pete was present at the house, which, taken together, directly corroborated the testimony of Janulyn McKanic and Etta McKanic, and contradicted Pete's testimony. Under these circumstances, Janulyn McKanic established by a preponderance of the evidence that service of the citation was made upon Pete (*see Trofimov v Furmanov*, 38 AD3d 530 [2007]). Accordingly, we reinstate the decree admitting the will to probate and issuing letters testamentary to Janulyn McKanic.

In light of this determination, we need not consider the parties' remaining contentions. Fisher, J.P., Ritter, Dillon and McCarthy, JJ., concur.