■ PAULINE PHILLIPS, Appellant, v PAUL KATZMAN, Respondent. [933 NYS2d 859]—

Great deference is given to a jury's determination as to issues of credibility. However, "that principle should not be carried to such an extreme that a verdict is allowed to stand based on testimony which is utterly incredible as a matter of law because it is manifestly untrue, physically impossible, or contrary to common experience, and such testimony should be disregarded as being without evidentiary value notwithstanding that is is uncontradicted" (*Cruz v New York City Tr. Auth.*, 31 AD3d 688, 690 [2006], *affd* 8 NY3d 825 [2007]).

The trial court correctly determined that "the jury could not have reached its verdict on any fair interpretation of the evidence" (*McDermott v Coffee Beanery, Ltd.*, 9 AD3d 195, 206 [2004]; *see also Nicastro v Park*, 113 AD2d 129, 133-135 [1985]). Plaintiff's trial testimony was inherently incredible and contradicted her prior statements to the police on the day of the accident, as well as the physical evidence. Moreover, the verdict, that both defendant and plaintiff were negligent, but that only defendant's negligence was a substantial factor in causing the accident, was logically inconsistent under the circumstances presented (*see e.g. Alli v Lucas*, 72 AD3d 994, 995 [2010]; *compare Rivera v MTA Long Is. Bus*, 45 AD3d 557 [2007]). Concur—Mazzarelli, J.P., Friedman, Catterson, Renwick and DeGrasse, JJ.