The trial court’s denial of the motion for leave to amend the 20-year-old complaint to allege for the first time that Walter Sakow was the true beneficial owner of the shares of Baje Realty and that Robert Bianco held them only as his nominee was based upon a fair interpretation of the evidence turning on explicit credibility determinations (see Hardwick v State of New York, 90 AD3d 540 [1st Dept 2011]). Evidence of Bianco’s conduct and other evidence inconsistent with his claim of ownership do not compel a different finding (compare Phillips v Katzman, 90 AD3d 436 [1st Dept 2011]).
Even if appellants are correct that the trial court erroneously applied the statute of frauds with respect to the transfer of shares and should have analyzed their claim as seeking the imposition of a constructive trust, appellants failed to prove the promise required for such relief (see Abacus Fed. Sav. Bank v Lim, 75 AD3d 472, 473-474 [1st Dept 2010]).
We have considered appellants’ remaining contentions, including that Bianco is estopped from claiming the shares by failing to claim them as assets in his bankruptcy filing, that Bianco *641 improperly received the shares for unspecified future services, and that the court’s evidentiary rulings and conduct deprived appellants of a fair trial, and find them unavailing. Concur— Mazzarelli, J.E, Sweeny, Renwick, Richter and Román, JJ.