Lezama v Judlau Contr., Inc. (2022 NY Slip Op 02199)





Lezama v Judlau Contr., Inc.


2022 NY Slip Op 02199


Decided on March 31, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 31, 2022

Before: Renwick, J.P., Gesmer, Singh, Rodriguez, JJ. 


Index No. 307293/10 Appeal No. 15642 Case No. 2021-01823 

[*1]Steve Lezama, Plaintiff-Appellant,
v
Judlau Contracting, Inc., Defendant-Respondent.


The Law Office of Robert Dunne LLC, New York (Robert Dunne of counsel), for appellant.
London Fischer LLP, New York (David B. Franklin of counsel), for respondent.



Order, Supreme Court, Bronx County (Howard H. Sherman, J.), entered on or about June 19, 2019, which granted defendant's motion pursuant to CPLR 4404(a) to set aside the verdict and direct judgment for defendant, unanimously reversed, on the law, without costs, and the motion denied.
The jury's conclusion, based on plaintiff's testimony, that defendant was negligent in creating the defective condition that caused plaintiff to trip and fall was not utterly irrational (see Cohen v Hallmark Cards, 45 NY2d 493, 499 [1978]). While plaintiff's testimony was at times confusing and inarticulate, his account was not incredible, illogical, manifestly untrue, or physically impossible (see Phillips v Katzman, 90 AD3d 436 [1st Dept 2011]). Plaintiff testified that defendant, fulfilling a long-term construction contract, constantly created a great deal of debris that damaged the toll plaza where plaintiff worked and damaged cars passing through the plaza. Plaintiff testified that he complained about the damage and saw defendant's workers cause the damage. There is no dispute that plaintiff's injuries were caused by the defect. The jury could have concluded, based on plaintiff's account, that, while defendant was not contracted to work on the toll plaza itself, defendant nevertheless caused the defect by generating debris from the work it was doing nearby.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 31, 2022