Glover v Astor Ct. Owners Corp. (2025 NY Slip Op 05880)

Glover v Astor Ct. Owners Corp.

2025 NY Slip Op 05880

Decided on October 23, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 23, 2025

Before: Webber, J.P., Kapnick, Gesmer, Higgitt, Hagler, JJ.

Index No. 156138/21|Appeal No. 4729|Case No. 2024-06353|

[*1]Anthony Glover, Plaintiff-Respondent,
v
Astor Court Owners Corp., et al., Defendants-Appellants.

Morris Duffy Alonso Faley & Pitcoff, New York (Iryna S. Krauchanka and Ira E. Goldstein of counsel), for appellants.
Shulman & Hill, PLLC, New York (Timothy Norton of counsel), for respondent.

Order, Supreme Court, New York County (Judy H. Kim, J.), entered on or about September 27, 2024, which denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendants failed to eliminate all issues of fact as to whether plaintiff's accident occurred on their property and their motion for summary judgment was properly denied (cf. Misa v Town of Brookhaven, 212 AD3d 804, 806 [2d Dept 2023]; Irizarry v Heller, 95 AD3d 951, 953 [2d Dept 2012]; see generally Pasternack v Laboratory Corp. of Am. Holdings, 27 NY3d 817, 825 [2016]). This personal injury action stems from plaintiff's alleged slip-and-fall on defendants' property. Defendants urge that plaintiff's accident, if it occurred at all, did not occur on their property, and that plaintiff's testimony to the contrary was incredible as a matter of law. Although some of defendants' records confirm that a delivery was made after 2 p.m. to the eighth floor, the records do not disprove plaintiff's account of the delivery that culminated in his alleged accident — namely, a delivery between 11:30 a.m. and 1 p.m. to the second floor.
On this record, we cannot say that plaintiff's version of events is "manifestly untrue, physically impossible, or contrary to common experience" and, therefore, incredible as a matter of law (Cruz v New York City Tr. Auth., 31 AD3d 688, 690 [2d Dept 2006], affd 8 NY3d 825 [2007]). Rather, the parties' different versions of the facts raise credibility issues that must be resolved by the factfinder (see Breton v Dishi, 206 AD3d 446, 447 [1st Dept 2022]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 23, 2025